IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CR No. 3-295 |
| | ) CV No. 7-1315 |
| LAMAR STATEN. | ) |
| | ) |

AMBROSE, Chief District Judge.

## OPINION AND ORDER

### SYNOPSIS

In this criminal matter, Defendant was charged with three counts, alleging violations of 18 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), 922(g)(1), and 924(c). His arrest and conviction stemmed from a traffic stop, in which officers seized, inter alia, a weapon and controlled substances. After trial, a jury found him guilty on all counts.[1] The Court then sentenced him on February 25, 2005. Defendant appealed, and the District Court's judgment was affirmed by Order dated June 2, 2006. Presently before the Court is Defendant's Habeas Corpus Motion, filed pursuant to 28 U.S.C. § 2255.

### OPINION

### I. Applicable Standards

A district court need not hold an evidentiary hearing on a Section 2255

---

[1] The case, and all preliminary matters, took place before Judge Hardiman.

motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). Under that standard, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

Finally, I am "to give a liberal construction to pro se habeas petitions." United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969).

## II. Ineffective Assistance of Counsel

Defendant claims that counsel was ineffective in several respects: 1) counsel at a suppression hearing failed to subpoena a witness, and failed to inform Defendant that his civilian clothes were unavailable to him at the hearing; and 2) trial counsel did not properly deal with Defendant's removal from the voir dire process.

In order to obtain relief on such claims, a defendant must demonstrate both that counsel's performance was deficient, and that the deficiency caused him prejudice. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an

2

insufficient showing on one." Id. at 697.

In the context of an ineffective assistance claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland, 466 U.S. at 689. "It is...only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." Gray, 878 F. 2d at 711. To demonstrate that counsel was ineffective, a defendant must demonstrate that his attorney's performance fell below "the wide range of professionally competent assistance." Strickland, 466 U.S. at 687.

With respect to the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir. 1989). Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). The prejudice prong of the inquiry rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.

### A. Suppression Hearing

I first address Defendant's claim that counsel was ineffective in failing to subpoena at the suppression hearing the driver of the vehicle involved in

3

Defendant's arrest.

"Counsel's failure to call a witness 'is precisely the sort of strategic trial decision that Strickland protects from second-guessing.'" Henderson v. DiGuglielmo, 138 Fed. Appx. 463, 469 (3d Cir. 2005) (quoting Sanders v. Trickey, 875 F.2d 205, 212 (8th Cir. 1989)). Moreover, Defendant does not explain how the driver's testimony might have changed the outcome of the hearing, or therefore the trial, in a favorable way. Trial counsel, appointed after the suppression hearing, explained to the Court that his investigator had located the witness, whose whereabouts were previously unknown, and that after meeting with the witness, counsel believed that the witness did not offer favorable information, and might offer harmful information.[2]

The record, therefore, suggests the witness was unavailable to suppression hearing counsel, and, even if his whereabouts had been known, that the absence of that witness did not prejudice Defendant. Indeed, Defendant argues that the witness would have given a "full account" of events, and suggests that the witness would support his side of the story, but does not specify how the testimony would have affected the outcome of his case. Defendant has identified no grounds for finding that counsel's failure to call the witness fell below applicable standards, or that prejudice resulted therefrom.

---

[2]Additionally, the Court of Appeals rejected Defendant's contention that the Court committed error in denying his suppression motion. Docket No. 114, p. 9. Generally, 2255 "may not be employed to relitigate questions which were raised and considered on direct appeal." United States v. DeRewal, 10 F.3d 100 (3d Cir. 1993). To the extent that Defendant now attempts to relitigate the propriety of the suppression ruling, he is barred from doing so.

4

Defendant also argues that suppression counsel erred when he failed to inform Defendant that his civilian clothing would be unavailable to him at the suppression hearing, so that he could have arranged to have clothing available. Even accepting Defendant's factual contentions, I simply cannot deem this conduct as falling below the wide range of professionally competent assistance. Additionally, there is no suggestion that Defendant's attire affected the Court's decision on the Motion to Suppress. To the contrary, as the Court of Appeals noted, the decision to deny the Motion to Suppress was based primarily on the Court's impression of the credibility of law enforcement testimony. Accordingly, Defendant cannot demonstrate prejudice as the result of counsel's conduct regarding Defendant's clothing.

### B. Voir Dire

Second, I address Defendant's contention that counsel was ineffective in causing him to be removed from voir dire.

It is true that "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome...." Kentucky v. Stincer, 482 U.S. 730, 745, 107 S. Ct. 2658, 96 L. Ed. 2d 631 (1987). A criminal defendant may, however, by persisting in disruptive behavior, forfeit his right to be present. Illinois v. Allen, 397 U.S. 337, 90 S. Ct. 1057, 25 L. Ed. 2d 353 (1970).[3]

---

[3] The management of the courtroom is subject to the trial court's discretion. Allen, 397 U.S. at 343. Whether this Court abused its discretion, of course, is not before me; the issue, instead, is limited to counsel's effectiveness. Additionally, during voir dire, counsel stated on the record that Defendant advised him, "prior to the jury even coming up here, that he is not going to participate in jury selection, and I would waive his presence at these side bar conferences." Transcript, November 17, 2004 (Docket No. 71), pp. 26-27.

5

Assuming Defendant did not waive his right to be present at voir dire, counsel's conduct was not deficient with respect to his exclusion. Defendant does not dispute the contention that his temporary removal was instigated and effected by the Court because of Defendant's disruptive behavior, which persisted despite the Court's repeated warnings. See Transcript, November 19, 2004 (Docket No. 71, pp. 85-90; Docket No. 102, pp. 14-18). There is no suggestion, other than Defendant's bald assertion, that Defendant's removal was linked to counsel's conduct. The event, therefore, cannot be due to counsel's ineffectiveness. Moreover, Defendant does not argue that a different outcome would have ensued had he not been removed from the process. In sum, under applicable standards, Defendant has failed to meet his burden.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated in the foregoing Opinion, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

### CONCLUSION

In sum, under all applicable standards, Defendant has not met his burden under Strickland or Section 2255. This case involves no fundamental defect which results in a miscarriage of justice, or omission inconsistent with the rudimentary demands of fair procedure. Instead, counsel rendered at least reasonably

6

competent assistance in all pertinent respects. No certificate of appealabilty shall issue.

An appropriate Order follows.

**ORDER**

AND NOW, this **18th** day of January, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Habeas Corpus Motion (Docket No. [116]) is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Chief Judge, U.S. District Court